# EXHIBIT A

FILED 7/22/2019 3:35 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of DeKalb County

**For Clerk Use Only**

Date Filed 7/22/2019
MM-DD-YYYY

Case Number 19CV7571

**Plaintiff(s)**
TransWorld Food Service a/k/a TransWorld Foods

| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Nationwide Mutual Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney William M. Compton   Bar Number 380092   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☒ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

16CV3377-3
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18
ED

IN THE SUPERIOR/STATE COURT OF ___DeKalb___ COUNTY

## STATE OF GEORGIA

TransWorld Food Service, LLC a/k/a TransWorld Foods

CIVIL ACTION NUMBER ___19CV7571___

PLAINTIFF

Vs.

Nationwide Mutual Insurance Company

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Nationwide Mutual Insurance Company

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Max Compton, Esq.
25 Bull Street, Suite 400
Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __22nd__ day of ___July___, __19__.

Clerk of Superior Court/State Court

By: __/s/ Elizabeth Dagostino__
Deputy Clerk

SC-1 Rev. 85

FILED 7/22/2019 3:35 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TRANSWORLD FOOD SERVICE, LLC a/k/a TRANSWORLD FOODS, <br><br>Plaintiff, <br><br>vs. <br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br>Defendant. | CIVIL ACTION 19CV7571 <br> FILE NO: |

## COMPLAINT

Plaintiff, TransWorld Food Service, LLC a/k/a TransWorld Foods, hereby sues Defendant, Nationwide Mutual Insurance Company, and states as follows:

### PARTIES AND BACKGROUND

1. Plaintiff TransWorld Food Service, LLC a/k/a TransWorld Foods (hereinafter "Plaintiff") is a Georgia limited liability company with its principal place of buisness in DeKalb County, Georgia.

2. Plaintiff is a wholesale food distributor that operates its business out of 1694 Chantilly Drive NE, Atlanta, GA 30324 and 1692 Chantilly Drive NE, Suite A, Atlanta, GA 30324 (collectively, the "Property"). The Property contains business offices and commercial warehouse, cooler and freezer space, including the Plaintiff's walk-in commercial freezer.

3. Nationwide Mutual Insurance Company ("Defendant") is a foreign corporation authorized to do business in the State of Georgia.

4. Defendant is subject to the jurisdiction of this Court and venue is proper in this Court pursuant to O.C.G.A. § 33-4-1(4). Defendant may be served with process through its

ED

registered agent Corporation Service Company at 40 TECHNOLOGY PARKWAY SOUTH SUITE 300, NORCROSS, GA, 30092, USA.

5. Between 2015 and 2018, Defendant issued and renewed insurance policy contracts to Plaintiff which provided coverage for the Property. Those policies are identified as follows:

a) Policy Number ACP BPWM 2326321290; Effective Dates September 6, 2015 – September 6, 2016 ("2015-2016 Policy");

b) Policy Number ACP BPWM 2336321290; Effective Dates September 6, 2016 - September 6, 2017 ("2016-2017 Policy"); and

c) Policy Number ACP BPWM 2346321290; Effective Dates September 6, 2017 – September 6, 2018 ("2017-2018 Policy").

The aforementioned policies shall be collectively referred to herein as the "Policies." Certified copies of the Policies will be produced during discovery in this case.

6. Defendant also issued a business automobile policy to Plaintiff which provided coverage for Plaintiff's business automobiles ("Auto Policy"). A certified copy of the Auto Policy will be produced during discovery in this case.

7. Plaintiff formed as a Georgia limited liability company on May 11, 2015.

8. In August 2015, Plaintiff purchased the assets of a fresh seafood supply company, Emilia Foods, LLC.

9. Plaintiff commenced business operations as TransWorld Food Service, LLC on October 23, 2015.

## 2015 LOSS

10. In the process of opening the business, the Insured retained Dwight Edward Dickson d/b/a Dickson HVAC Services ("Dickson HVAC") to install insulated wall panels for its walk-in freezer and six commercial coolers in the Property. This work required Dickson

HVAC to complete the hookups for the freezer and coolers, including the installation of proper refrigerant

11. Dickson HVAC retained Jason Villegas of Villegas & Company, LLC d/b/a EJ Coolers ("Villegas") as a subcontractor to perform all work associated with the freezer and refrigeration cooler system at the Property, including installing the Freon for the freezer and refrigeration cooler system.

12. The proper grade Freon for the Plaintiff's walk-in freezer and cooler refrigeration system was 404A.

13. Villegas negligently purchased and used MO99 Freon, an improper grade of Freon, as the refrigerant when assembling the Plaintiff's walk-in freezer and cooler system (the "2015 Loss").

14. The 2015 Loss resulted in direct physical damage to the Plaintiff's walk-in freezer and refrigeration system for the Plaintiff's six commercial coolers in the Property.

15. The 2015 Loss was a covered cause of loss to covered property under the terms and conditions of the 2015-2016 Policy.

16. The 2015 Loss also constituted a covered Equipment Breakdown loss under the terms and conditions of the 2015-2016 Policy.

17. As a result of the 2015 Loss, Plaintiff sustained damages covered under the 2015-2016 Policy in the form of repair costs to damaged covered property, loss of business income, loss of and damage to business personal property, and extra expenses.

18. Plaintiff filed a claim under the 2015-2016 Policy with Defendant for the covered damages caused by the 2015 Loss. Defendant assigned claim number 266588-GG to the 2015 Loss ("2015 Claim").

19. On February 8, 2018, Defendant unreasonably and frivolously denied the 2015 Claim. Nonetheless, Defendant continued to investigate and negotiate the 2015 with Plaintiff, including, but not limited to, by questioning the Plaintiff regarding the 2015 Claim, among all other claims identified herein, in an examination under oath of Plaintiff representative Teri Blevins.

20. On May 21, 2019, Plaintiff sent a demand to Defendant, pursuant to O.C.G.A. § 33-4-6, for payment of the 2015 Loss pursuant to the terms and conditions of the 2015-2016 Policy.

21. Defendant unreasonably and frivolously failed to make payment to the Plaintiff for the 2015 Loss within sixty days of the Plaintiff's May 21, 2019 demand.

### 2016 LOSS

22. On January 17, 2016, a backflow preventer in the fire-water main servicing the Property failed ("2016 Loss).

23. The 2016 Loss resulted in massive amounts of water entering the Property from the exterior grade of the Property as well as water breaching and discharging from underneath the interior slab of the Property.

25. The 2016 Loss resulted in direct physical damage to the Property and the Plaintiff's business personal property located in the Property.

24. The 2016 Loss was a covered cause of loss to covered property under the terms and conditions of the 2015-2016 Policy.

25. As a result of the 2016 Loss, Plaintiff sustained damages covered under the 2015-2016 Policy in the form of repair costs to damaged covered property, loss of business income, loss of and damage to business personal property, and extra expenses.

26. Plaintiff filed a claim with Defendant under the 2015-2016 Policy for the covered damages caused by the 2016 Loss. Defendant assigned claim number 7710062124PE16011751 to the 2016 Loss ("2016 Claim").

27. Defendant accepted the 2016 Claim as a covered claim under the 2015-2016 Policy and made certain, partial payments to the Plaintiff for the 2016 Claim.

28. Defendant continued to investigate and negotiate the 2016 Claim with Plaintiff after making initial, partial payments for the 2016 Claim. However, Defendant did not make payment to Plaintiff for the full amount of covered damages sustained as a result of the 2016 Loss. Specifically, Defendant failed to make payment to Plaintiff for the full amount of covered building damages, business income losses, and extra expense damages incurred as a result of the 2016 Loss. Moreover, the payments Defendant made to the Plaintiff were significantly delayed and unreasonably untimely.

29. On May 21, 2019, Plaintiff sent a demand to Defendant, pursuant to O.C.G.A. § 33-4-6, demanding supplemental payment for the 2016 Loss pursuant to the terms and conditions of the 2015-2016 Policy.

30. Defendant unreasonably and frivolously failed to make supplemental payment to the Plaintiff for the 2016 Loss within sixty days of the Plaintiff's May 21, 2019 demand.

### 2016 LOSS – AUTO CLAIM

31. The 2016 Loss also resulted in direct physical damage to Plaintiff's business automobiles covered under the Auto Policy ("2016 Auto Loss").

32. The 2016 Auto Loss constituted a covered loss to covered automobiles under the terms and conditions of the Auto Policy.

33. Plaintiff filed a claim with Defendant under the Auto Policy for the damages to Plaintiff's business automobiles caused by the 2016 Auto Loss. Defendant assigned claim number 609742-GC to the 2016 Auto Loss ("2016 Auto Loss Claim").

34. Defendant accepted the 2016 Auto Loss Claim as a covered claim under the Auto Policy.

35. Defendant continued to investigate and negotiate the 2016 Auto Loss Claim with Plaintiff after making initial, partial payments for the 2016 Auto Loss Claim. However, Defendant did not make payment to Plaintiff for the full amount of covered damages sustained as a result of the 2016 Auto Loss. Moreover, the payments Defendant made to the Plaintiff were significantly delayed and unreasonably untimely.

36. On May 21, 2019, Plaintiff sent a demand to Defendant, pursuant to O.C.G.A. § 33-4-6, demanding supplemental payment for the 2016 Auto Loss pursuant to the terms and conditions of the Auto Policy.

37. Defendant unreasonably and frivolously failed to make supplemental payment to the Plaintiff for the 2016 Auto Loss within sixty days of the Plaintiff's May 21, 2019 demand.

### 2017 LOSS

38. On July 10, 2017, the Plaintiff received notice from its landlord that a contractor ("Tip-Top Roofers") retained by the landlord to perform repairs to the roof of the Property negligently cut the Freon supply line to the insured's walk-in freezer in the course of those repairs ("2017 Loss").

39. Tip-Top Roofer's negligent cutting of the Freon supply line to the walk-in freezer caused all of the Freon servicing the Plaintiff's walk-in freezer to escape and evaporate. The

evaporation of the Freon servicing the walk-in freezer destroyed and spoiled the Plaintiff's business personal property stored in the freezer.

40. The 2017 Loss resulted in direct physical damage to the Plaintiff's walk-in freezer.

41. The 2017 also resulted in direct physical damage to and loss of the Plaintiff's business personal property.

42. The 2017 Loss was a covered cause of loss to covered property under the terms and conditions of the 2016-2017 Policy.

43. As a result of the 2017 Loss, Plaintiff sustained damages covered under the 2016-2017 Policy in the form of repair costs to damaged covered property, loss of business income, loss of and damage to business personal property, and extra expenses.

44. The insurance carrier ("Continental Insurance Company") for Tip-Top Roofers provided payment to the Plaintiff for a portion of the Plaintiff's covered property and business personal property damages. Continental Insurance Company did not compensate Plaintiff for all of its covered property and business personal property damages, nor did it compensate Plaintiff for any of its business income losses or extra expenses incurred as a result of the 2017 Loss.

45. Plaintiff filed a claim with Defendant under the 2016-2017 Policy for its uncompensated, covered damages arising out of the 2017 Loss. Defendant assigned claim number 227554-GG to the 2017 Loss ("2017 Claim").

46. Despite continually investigating and negotiating the 2017 Claim with Plaintiff, Defendant unreasonably and frivolously failed to make payment to the Plaintiff for its uncompensated, covered damages arising out of the 2017 Loss.

47. On May 21, 2019, Plaintiff sent a demand to Defendant, pursuant to O.C.G.A. § 33-4-6, demanding payment, pursuant to the terms and conditions of the 2016-2017 Policy, for its uncompensated, covered damages arising out of the 2017 Loss.

48. Defendant unreasonably and frivolously failed to make payment to the Plaintiff for the 2017 Loss within sixty days of the Plaintiff's May 21, 2019 demand.

## 2018 LOSS

49. On July 22, 2018, a substantial water leak occurred from a plumbing line servicing a second-story unit occupied by the Plaintiff's landlord adjacent to the Property ("2018 Loss").

50. The water from this leak entered the Plaintiff's walk-in freezer and caused direct physical damage to the Plaintiff's business personal property stored in the freezer.

51. The 2018 Loss was a covered cause of loss to covered property under the terms and conditions of the 2017-2018 Policy.

52. As a result of the 2018 Loss, Plaintiff sustained damages covered under the 2017-2018 Policy in the form of loss of business income, loss of and damage to business personal property, and extra expenses.

53. Plaintiff filed a claim with Defendant under the 2017-2018 Policy for its covered damages caused by the 2018 Loss. Defendant assigned claim number 735464-GI to the 2018 Loss ("2018 Claim").

54. Defendant unreasonably and frivolously failed to make payment to the Plaintiff for its covered damages arising out of the 2018 Loss.

55. On May 21, 2019, Plaintiff sent a demand to Defendant, pursuant to O.C.G.A. § 33-4-6, demanding payment, pursuant to the terms and conditions of the 2017-2018 Policy, for its covered damages arising out of the 2018 Loss.

56. Defendant unreasonably and frivolously failed to make payment to the Plaintiff for the 2018 Loss within sixty days of the Plaintiff's May 21, 2019 demand.

### COUNT I – BREACH OF CONTRACT (2015 LOSS)

57. Plaintiff incorporates and alleges by reference paragraphs 1-56 above as if the same were stated herein verbatim.

58. The 2015-2016 Policy constitutes a contract between Plaintiff and Defendant.

59. The 2015 Loss sustained by the Plaintiff was a Covered Cause of Loss to Covered Property under the terms and conditions of the 2015-2016 Policy.

60. Under the terms and conditions of the 2015-2016 Policy, Defendant was obligated to provide payment to the Plaintiff for the covered damages arising out of the 2015 Loss.

61. Defendant improperly and unreasonably refused to make payment to the Plaintiff for the 2015 Loss as required by the 2015-2016 Policy.

62. Defendant's improper and unreasonable refusal to provide payment to the Plaintiff for the 2015 Loss constitutes a breach of contract.

63. Plaintiff has sustained damages in an amount to be proven at trial as a result of Defendant's breach alleged in Count I herein.

### COUNT II – BAD FAITH (O.C.G.A. § 33-4-6) (2015 LOSS)

64. Plaintiff incorporates and alleges by reference paragraphs 1-63 above as if the same were stated herein verbatim.

65. Plaintiff made a demand for payment of the 2015 Loss pursuant to O.C.G.A. § 33-4-6 on May 21, 2019.

66. Defendant unreasonably and frivolously refused to provide payment to the Plaintiff for the 2015 Loss to which the Plaintiff was entitled under the 2015-2016 Policy.

67. The refusal of Defendant to provide payment to the Plaintiff for the 2015 Loss as required by the 2015-2016 Policy was done in bad faith.

68. Defendant is thus liable to Plaintiff, pursuant to O.C.G.A. § 33-4-6, in addition to payment for the 2015 Loss, for a sum equal to 50% of the liability of Defendant plus reasonable attorney's fees.

### COUNT III – BREACH OF CONTRACT (2016 LOSS)

69. Plaintiff incorporates and alleges by reference paragraphs 1-68 above as if the same were stated herein verbatim.

70. The 2015-2016 Policy constitutes a contract between Plaintiff and Defendant.

71. The 2016 Loss sustained by the Plaintiff was a Covered Cause of Loss to Covered Property under the terms and conditions of the 2015-2016 Policy.

72. Under the terms and conditions of the 2015-2016 Policy, Defendant was obligated to provide payment to the Plaintiff for the full amount of Plaintiff's covered damages arising out of the 2016 Loss.

73. Defendant improperly and unreasonably failed to make payment to the Plaintiff for the full amount of Plaintiff's covered damages arising out of the 2016 Loss as required by the 2015-2016 Policy.

74. Defendant's improper and unreasonable failure to provide payment to the Plaintiff for the full amount of the Plaintiff's covered damages arising out of the 2016 Loss constitutes a breach of contract.

75. Plaintiff has sustained damages in an amount to be proven at trial as a result of Defendant's breach alleged in Count III herein.

### COUNT IV – BAD FAITH (O.C.G.A. § 33-4-6) (2016 LOSS)

76. Plaintiff incorporates and alleges by reference paragraphs 1-76 above as if the same were stated herein verbatim.

77. Plaintiff made a demand for payment of the 2016 Loss pursuant to O.C.G.A. § 33-4-6 on May 21, 2019.

78. Defendant unreasonably and frivolously failed to provide payment to the Plaintiff for the full amount of Plaintiff's covered damages arising out of the 2016 Loss to which the Plaintiff was entitled under the 2015-2016 Policy. Moreover, the partial payments Defendant made to Plaintiff for the 2016 Loss were significantly delayed and unreasonably untimely.

79. The failure of Defendant to provide payment to the Plaintiff for the full amount of Plaintiff's covered damages arising out of the 2016 Loss as required by the 2015-2016 Policy was done in bad faith.

80. Defendant is thus liable to Plaintiff, pursuant to O.C.G.A. § 33-4-6, in addition to supplemental payment for the 2016 Loss, for a sum equal to 50% of the liability of Defendant plus reasonable attorney's fees.

### COUNT V – BREACH OF CONTRACT (2016 AUTO LOSS)

81. Plaintiff incorporates and alleges by reference paragraphs 1-80 above as if the same were stated herein verbatim.

82. The Auto Policy constitutes a contract between Plaintiff and Defendant.

83. The 2016 Auto Loss sustained by the Plaintiff was a Covered Cause of Loss to Covered Property under the terms and conditions of the Auto Policy.

84. Under the terms and conditions of the Auto Policy, Defendant was obligated to provide payment to the Plaintiff for the full amount of Plaintiff's covered damages arising out of the 2016 Auto Loss.

85. Defendant improperly and unreasonably failed to make payment to the Plaintiff for the full amount of Plaintiff's covered damages arising out of the 2016 Auto Loss as required by the Auto Policy.

86. Defendant's improper and unreasonable failure to provide payment to the Plaintiff for the full amount of the Plaintiff's covered damages arising out of the 2016 Auto Loss constitutes a breach of contract.

87. Plaintiff has sustained damages in an amount to be proven at trial as a result of Defendant's breach alleged in Count V herein.

### COUNT VI – BAD FAITH (O.C.G.A. § 33-4-6) (2016 AUTO LOSS)

88. Plaintiff incorporates and alleges by reference paragraphs 1-87 above as if the same were stated herein verbatim.

89. Plaintiff made a demand for payment of the 2016 Auto Loss pursuant to O.C.G.A. § 33-4-6 on May 21, 2019.

90. Defendant unreasonably and frivolously failed to provide payment to the Plaintiff for the full amount of Plaintiff's covered damages arising out of the 2016 Auto Loss to which the Plaintiff was entitled under the Auto Policy. Moreover, the payments Defendant made to Plaintiff for the 2016 Auto Loss were significantly delayed and unreasonably untimely.

91. The failure of Defendant to provide payment to the Plaintiff for the full amount of Plaintiff's covered damages arising out of the 2016 Auto Loss as required by the Auto Policy was done in bad faith.

92. Defendant is thus liable to Plaintiff, pursuant to O.C.G.A. § 33-4-6, in addition to supplemental payment for the 2016 Auto Loss, for a sum equal to 50% of the liability of Defendant plus reasonable attorney's fees.

### COUNT VII – BREACH OF CONTRACT (2017 LOSS)

93. Plaintiff incorporates and alleges by reference paragraphs 1-92 above as if the same were stated herein verbatim.

94. The 2016-2017 Policy constitutes a contract between Plaintiff and Defendant.

95. The 2017 Loss sustained by the Plaintiff was a Covered Cause of Loss to Covered Property under the terms and conditions of the 2016-2017 Policy.

96. Under the terms and conditions of the 2016-2017 Policy, Defendant was obligated to provide payment to the Plaintiff for the covered damages arising out of the 2017 Loss.

97. Defendant improperly and unreasonably failed to make payment to the Plaintiff for the 2017 Loss as required by the 2016-2017 Policy.

98. Defendant's improper and unreasonable failure to provide payment to the Plaintiff for the 2017 Loss constitutes a breach of contract.

99. Plaintiff has sustained damages in an amount to be proven at trial as a result of Defendant's breach alleged in Count VII herein.

### COUNT XIII – BAD FAITH (O.C.G.A. § 33-4-6) (2017 LOSS)

100. Plaintiff incorporates and alleges by reference paragraphs 1-99 above as if the same were stated herein verbatim.

101. Plaintiff made a demand for payment of the 2017 Loss pursuant to O.C.G.A. § 33-4-6 on May 21, 2019.

102. Defendant unreasonably and frivolously failed to provide payment to the Plaintiff for the 2017 Loss to which the Plaintiff was entitled under the 2016-2017 Policy.

103. The failure of Defendant to provide payment to the Plaintiff for the 2017 Loss as required by the 2016-2017 Policy was done in bad faith.

104. Defendant is thus liable to Plaintiff, pursuant to O.C.G.A. § 33-4-6, in addition to payment for the 2017 Loss, for a sum equal to 50% of the liability of Defendant plus reasonable attorney's fees.

## COUNT IX – BREACH OF CONTRACT (2018 LOSS)

105. Plaintiff incorporates and alleges by reference paragraphs 1-104 above as if the same were stated herein verbatim.

106. The 2017-2018 Policy constitutes a contract between Plaintiff and Defendant.

107. The 2018 Loss sustained by the Plaintiff was a Covered Cause of Loss to Covered Property under the terms and conditions of the 2017-2018 Policy.

108. Under the terms and conditions of the 2017-2018 Policy, Defendant was obligated to provide payment to the Plaintiff for the covered damages arising out of the 2018 Loss.

109. Defendant improperly and unreasonably failed to make payment to the Plaintiff for the 2018 Loss as required by the 2017-2018 Policy.

110. Defendant's improper and unreasonable failure to provide payment to the Plaintiff for the 2018 Loss constitutes a breach of contract.

111. Plaintiff has sustained damages in an amount to be proven at trial as a result of Defendant's breach alleged in Count IX herein.

### COUNT X – BAD FAITH (O.C.G.A. § 33-4-6) (2018 LOSS)

112. Plaintiff incorporates and alleges by reference paragraphs 1-111 above as if the same were stated herein verbatim.

113. Plaintiff made a demand for payment of the 2018 Loss pursuant to O.C.G.A. § 33-4-6 on May 21, 2019.

114. Defendant unreasonably and frivolously failed to provide payment to the Plaintiff for the 2018 Loss to which the Plaintiff was entitled under the 2017-2018 Policy.

115. The failure of Defendant to provide payment to the Plaintiff for the 2018 Loss as required by the 2017-2018 Policy was done in bad faith.

116. Defendant is thus liable to Plaintiff, pursuant to O.C.G.A. § 33-4-6, in addition to payment for the 2018 Loss, for a sum equal to 50% of the liability of Defendant plus reasonable attorney's fees.

### COUNT XI – RECOVERY OF INTEREST UPON DAMAGES (O.C.G.A. § 13-6-13)

117. Plaintiff incorporates and alleges by reference paragraphs 1-116 above as if the same were stated herein verbatim.

118. Pursuant to O.C.G.A. § 13-6-13, Plaintiff is entitled to, and Defendant is liable for, interest upon Plaintiff's damages sustained as a result of Defendant's breaches alleged herein.

**WHEREFORE**, Plaintiff prays:

    a.    That process issue according to law;

    b.    That Defendant be served with a copy of the Summons, Plaintiff's Complaint for Damages and Demand for Trial by Jury according to law;

    c.    That Plaintiffs be granted a **trial by jury** in this matter;

  d. That judgment be entered in favor of Plaintiff against the Defendant for damages sustained as a result of Defendant's breaches of contract in an amount to be determined by the enlightened conscience of an impartial jury;

  e. That judgment be entered in favor of Plaintiff against the Defendant for bad faith damages pursuant to O.C.G.A. § 33-4-6;

  f. The judgment be entered in favor of Plaintiff against the Defendant for interest upon the Plaintiff's damages pursuant to O.C.G.A. § 13-6-13; and

  g. That Plaintiff has such further relief as the Court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 22nd day of July, 2019.

          */s/ Max Compton*
          _____
          WILLIAM MAXWELL COMPTON
          MCompton@forthepeople.com
          Georgia Bar No. 380092

MORGAN & MORGAN, P.C.
25 Bull Street, Suite 400
Savannah, Georgia 31401
(912) 443-1017 - Direct
(912) 443-1184 - Facsimile
Attorney for Plaintiff