**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TRANSWORLD FOOD SERVICE, LLC a/k/a TRANSWORLD FOODS** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** **FILE NO: 1:19-CV-03772-SDG** |
| **vs.** | ) | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

**NOTICE OF INTENT TO SERVE OF SUBPOENA**

To: Philip W. Savrin
Freeman, Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339

Pursuant to F.R.C.P. 45(b)(1), Plaintiff Transworld Food Service, LLC a/k/a Transworld Foods hereby provides notice of intent to serve a Subpoena for Production of Documents and Things upon Rimkus Consulting Group, Inc. A copy of said subpoena is attached hereto.

This 20th day of January, 2020.

MORGAN & MORGAN

*/s/ Max Compton*

William Maxwell Compton
Georgia Bar No.: 380092

25 Bull Street, Suite 400
Savannah, GA 31401
Direct: 912-443-1017
Fax: 912-443-1184
Attorney for Plaintiff

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

TransWorld Food Service, LLC, et al.
*Plaintiff*
v.
Nationwide Mutual Insurance Company
*Defendant*

Civil Action No. 1:19-cv-3772

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Rimkus Consulting Group, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents requested in Exhibit "A" attached hereto.

| Place: Morgan and Morgan<br>191 Peachtree St., Suite 4200<br>Atlanta, GA 30303 | Date and Time:<br>02/14/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/20/2020

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* TransWorld Food Service, LLC, who issues or requests this subpoena, are:
Max Compton, Esq.; MCompton@forthepeople.com; (912) 443-1017; 25 Bull Street, Suite 400 Savannah, GA 31401

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TRANSWORLD FOOD SERVICE, LLC a/k/a TRANSWORLD FOODS** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO: 1:19-CV-03772-SDG** |
| **vs.** | ) | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

**EXHIBIT "A"**

**REQUESTED DOCUMENTS**:

1. **CERTIFIED COPIES** of any and all documents in the possession, custody or control of Rimkus Consulting Group, Inc., or any parent company, subsidiary, predecessor, successor, affiliate, agent or representative of Rimkus Consulting Group, Inc. (collectively, "Rimkus") which relate, in any way, to Rimkus file number 50805721 regarding work performed, including inspections and the preparation of reports, at 1694 Chantilly Dr. Atlanta, GA 30324. This request should be construed as a request for Rimkus' entire file related to any such work. Please omit nothing;

2. **CERTIFIED COPIES** of any and all correspondence, including emails, between Rimkus and Nationwide Mutual Insurance Company ("Nationwide") which in any way relates to Rimkus file number 50805721 regarding work performed, including inspections and the preparation of reports, at 1694 Chantilly Dr. Atlanta, GA 30324.

3. **CERTIFIED COPIES** of any and all photographs, video recordings or audio recordings taken by Rimkus 1694 Chantilly Dr. Atlanta, GA 30324.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TRANSWORLD FOOD SERVICE, LLC a/k/a TRANSWORLD FOODS** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO: 1:19-CV-03772-SDG** |
| **vs.** | ) | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE OF NOTICE OF SUBPOENA**

I HEREBY CERTIFY that I have this day electronically filed the Certificate of Service for the within and foregoing **Notice of Intent to Serve Subpoena** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Philip W. Savrin
Freeman, Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339

This will further CERTIFY that I have forwarded a copy of the Notice of Intent to Serve Subpoena to counsel for the Defendant by electronic means.

This 20th day of January, 2020.

MORGAN & MORGAN

*/s/ Max Compton*

William Maxwell Compton
Georgia Bar No.: 380092
25 Bull Street, Suite 400
Savannah, GA 31401
Direct: 912-443-1017
Fax: 912-443-1184
Attorney for Plaintiff