IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRANSWORLD FOOD SERVICE, LLC a/k/a TRANSWORLD FOODS and EMILIA FOODS, LLC,<br><br>    Plaintiffs,<br><br>            v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.<br>1:19-cv-3772-SDG |

**OPINION AND ORDER**

This case is before the Court on Plaintiffs Emilia Foods, LLC and TransWorld Food Service, LLC's motion to alter the judgment [ECF 192], Plaintiffs' bill of costs [ECF 193], Defendant's bill of costs [ECF 194 and ECF 197], Defendant's objections to Plaintiffs' bill of costs [ECF 195], and Plaintiffs' consent motion for an order denying their motion to alter judgment [ECF 198]. The Court **DENIES** the motion to alter judgment. Further, after careful review, the Court **OVERRULES IN PART AND SUSTAINS IN PART** Defendant's objections to Plaintiffs' bill of costs.

**I.   Background**

This case arose out of losses Plaintiffs suffered for which they claimed Defendant-insurer owed them payment. Plaintiffs' Second Amended Complaint

contained ten counts arising out of separate losses to inventory.[1] The Court granted summary judgment in favor of Defendant on six of the claims.[2] It allowed Plaintiffs to pursue their claims for breach of contract and bad faith failure to pay related to the 2016 auto loss and the 2018 physical damage loss. The parties resolved the 2016 auto loss claim, and this case proceeded to trial on the property damage portion of the 2018 inventory claim, as well as for bad faith failure to pay an insurance claim. A jury trial was held in July 2022, which culminated in a verdict partially in Plaintiffs' favor in the amount of $20,301.73.[3] Judgment was entered to that effect on July 18, 2022.[4]

Both parties submitted bills of costs. Plaintiffs sought $9,026.91 in costs,[5] and Defendant sought $13,660.03.[6] Defendant has objected to Plaintiffs' bill of costs, arguing that they are not the prevailing party.[7]

---

[1]   ECF 74.

[2]   ECF 140 (Counts I, II, III, IV, VII, and VIII).

[3]   ECF 184.

[4]   ECF 185.

[5]   ECF 193.

[6]   ECF 197.

[7]   ECF 195.

**II.    Discussion**

    **A.    Bill of Costs**

"Under [Rule] 54(d), costs shall be allowed as of course to the prevailing party unless the court directs otherwise." *Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir. 1984) (citing Fed. R. Civ. P. 54(d)). There is a presumption that the prevailing party should be awarded costs, but the Court has wide "discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (*en banc*). This discretion is not unfettered, however, because the denial of costs is considered a penalty. *Id.* at 1039. To deny costs, the Court must "have and state a sound basis for doing so." *Id.*

        **1.    Plaintiffs are the prevailing party.**

In determining whether a party is a prevailing one, courts consider whether it prevailed "on 'any significant issue' and thereby achieve[d] some of the benefits sought by bringing suit." *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 307 F.3d 1318, 1323 n.4 (11th Cir. 2002) (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989)). To be a prevailing party

> [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d). . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims. . . .

> Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978) (citations omitted). *See also Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995).

The Supreme Court has said that "a prevailing party" is "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001). However, obtaining "some relief" is not always enough. The Supreme Court has emphasized that a party—"at a minimum"—"must be able to point to a resolution of the dispute which changes the legal relationship" between the parties. *Tex. State Tchrs. Ass'n*, 489 U.S. at 792–93 (referring to "the material alteration of the legal relationship of the parties" as the "touchstone of the prevailing party inquiry").

Defendant argues that it is the prevailing party under the recent Eleventh Circuit case *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372 (11th Cir. 2022), since it successfully defeated most of Plaintiffs' claims at summary judgment. *Royal Palm* ruled on an issue of first impression: Can a district court find that there is no prevailing party for purposes of awarding costs? The Eleventh Circuit answered this question 'yes,' finding that in rare circumstances there can be a legal "tie." *Id.* at 1381. It found the question of which party prevailed to be

particularly difficult in mixed judgment cases—"where both parties have some claims decided in their favor." *Id.* at 1378. Importantly, the *Royal Palm* court cautioned against a liberal application of this rule, noting that, "[w]hile there will be occasional instances . . . where neither party prevails, . . . in the majority of cases whether there is a prevailing party and which party prevailed will be easily determined." *Id.* at 1382.

In *Royal Palm*, both parties asserted claims against each other, but neither party won on its own claims. "*Since neither party 'won' on the claims they asserted,*" *id.* at 1381, the court had to determine under what circumstances a party *defending* a claim has prevailed.[8] This Court reads *Royal Palm* as addressing cases in which no party has prevailed on any claim it asserted. Only then should a court consider whether a party defending a claim has won.[9] This makes sense in light of the general rule that a party prevails if it obtains judgment on even a fraction of the

---

[8] In doing so, the Court of Appeals recognized that plaintiffs and defendants have different objectives when coming to court. "A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. A party defending a claim, however, has 'fulfilled its primary objective whenever the plaintiff's challenge is rebuffed.'" 38 F.4th at 1381.

[9] The Court can also imagine a scenario where both parties have prevailed on claims they asserted, but that situation was not presented in either *Royal Palm* or this case.

claims it advanced—a rule that *Royal Palm* did not purport to alter. This interpretation also squares with *Royal Palm's* warning that a case with no prevailing party is the rare exception, not the rule. Otherwise, courts would constantly find themselves in the position of attempting to determine which party prevailed whenever claims have been dismissed, which would subsume the general prevailing-party rule.

In this case, Plaintiffs asserted ten claims for separate losses, only one of which was ultimately tried. Defendant did not assert any claims. The jury awarded Plaintiffs $20,301.73 on the single claim that went to trial.[10] Accordingly, this is not a situation where "neither party has 'won' on the claims they asserted" such that this Court could conclude there was no prevailing party, or that Defendant prevailed. *Royal Palm*, 38 F.4th at 1381. Despite the relatively small jury award and the number of claims dismissed at summary judgment, Plaintiffs prevailed on the claim that went to trial, and as such the Court concludes that Plaintiffs are the prevailing party for purposes of the Bill of Costs statute.

---

10   ECF 184.

### 2. The Court will award costs attributable only to Plaintiffs' singular successful claim.

"[I]t is well understood that the prevailing party does not automatically receive any particular level of fees or costs," *Pierce Mfg., Inc. v. EOne, Inc.*, No. 8:18-CV-617-TPB-TGW, 2022 WL 479874, at *3 (M.D. Fla. Feb. 16, 2022), and courts have discretion when awarding costs. The Court finds that Defendants should not bear the costs associated with Plaintiffs' failed claims. Defendants prevailed on seven of the eight adjudicated claims. And, as Defendants' point out, Plaintiffs recovered only $20,301.73 of their $7,571,312.40 total claimed damages. Defendants argue that many of the fees listed in Plaintiffs' bill of costs do not relate to the singular property damage claim on which they prevailed. Ordering Defendants to pay costs totaling nearly half of Plaintiffs' entire award would be inequitable. Accordingly, the Court taxes costs against the Defendant related to only the claim on which Plaintiffs prevailed.

### III. Conclusion

Plaintiffs' motion to alter judgment [ECF 192] is **DENIED**, and Plaintiffs' consent motion for an order denying their motion to alter judgment [ECF 198] is **GRANTED**. The Court **OVERRULES IN PART AND SUSTAINS IN PART** Defendant's objections to Plaintiffs' bill of costs [ECF 195]. Plaintiffs are **DIRECTED** to submit a bill of costs itemizing their expenses related to only their

prevailing claim within fourteen days of entry of this order. Defendants will have fourteen days to object.

**SO ORDERED** this 30th day of March, 2023.

Steven D. Grimberg
United States District Court Judge