# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRANSWORLD FOOD SERVICE, LLC a/k/a TRANSWORLD FOODS and EMILIA FOODS, LLC, <br><br>   Plaintiffs, <br><br> v. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br>   Defendant. | Civil Action No. <br> 1:19-cv-3772-SDG |

## ORDER

This matter is before the Court on Plaintiffs Emilia Foods, LLC and TransWorld Food Service, LLC's revised bill of costs [ECF 200] and Defendant's objections thereto [ECF 203]. After careful review, the Court **OVERRULES IN PART AND SUSTAINS IN PART** Defendant's objections to Plaintiffs' revised bill of costs.

## I.   Background

A jury trial was held in July 2022, which culminated in a verdict partially in Plaintiffs' favor in the amount of $20,301.73. Judgment was entered to that effect on July 18, 2022. Both parties submitted bills of costs. Plaintiffs sought $9,026.91 in costs, and Defendant sought $13,660.03. Defendant objected to Plaintiffs' bill of

costs, and the Clerk taxed costs against Plaintiffs in the amount of $13,660.03.[1] However, on March 30, 2023, the Court entered an Order holding that Plaintiffs were the prevailing party and directing them to re-submit a bill of costs itemizing their expenses related to only their singular prevailing claim. Plaintiffs did so and also filed a motion asking the Court to vacate the Clerk's award of costs in Defendant's favor.[2] For purposes of an appeal, Defendant filed objections to both the motion to vacate the award of costs in its favor, and Plaintiffs' revised bill of costs.[3] In an Order entered February 26, 2024, the Court granted Plaintiffs' motion to vacate the award of costs in Defendant's favor.[4]

After thoroughly reviewing Plaintiffs' revised bill of costs and Defendant's objections, the Court **OVERRULES IN PART AND SUSTAINS IN PART** Defendant's objections as follows: (1) Defendant's objection as to the witness fee of $81.40 paid to Lynx Legal Services, LLC is **OVERRULED**; and (2) Defendant's objection as to the transcription fee of $791.87 paid to transcribe the deposition of Jeffrey Remington Huggins is **SUSTAINED**.

---

[1]   ECF 197.
[2]   ECF 201.
[3]   ECF 203.
[4]   ECF 215.

## II. Discussion

### A. Witness Fee to Lynx Legal Services, LLC

Defendant argues that Plaintiffs duplicated a $81.40 witness fee paid to Lynx Legal Services, LLC by listing the fee on the witness fee form as well as in an invoice.[5] However, the Court concludes that the $81.40 fee was itemized separately as a witness fee, whereas the remaining $510.00 paid to Lynx Legal Services, LLC was itemized as "[f]ees for service of summons and subpoena."[6] Thus, the $81.40 fee was not duplicated, and Defendant's objection is **OVERRULED**.

### B. Fee to Transcribe Deposition of Jeffrey Remington Huggins

Defendant argues that Plaintiffs should not be awarded the $791.87 fee to transcribe the deposition of Jeffrey Remington Huggins because Huggins testified as to the reasonableness of the contingency legal fee for purposes of Plaintiffs' bad faith claim under O.C.G.A. § 33-4-6, on which claim Plaintiffs did not prevail.[7] As the Court held in its March 30, 2023 Order, the Court taxes costs against Defendant related to only the claim on which Plaintiffs prevailed.[8] Plaintiffs tendered Huggins as an expert on the reasonableness of the fee being charged to Plaintiffs in this matter, relevant to Plaintiffs' claim for bad-faith attorneys' fees under

---

5   ECF 203, at 2–3 (citing ECF 200, at 2, 5–6).

6   *Compare* ECF 200, at 1–2, *with id.* at 3–6.

7   ECF 203, at 3.

8   ECF 199, at 7.

O.C.G.A. § 33-4-6.[9] Because Plaintiffs did not prevail on this claim,[10] Defendant's objection is **SUSTAINED**.

### III. Conclusion

The Court **OVERRULES IN PART AND SUSTAINS IN PART** Defendant's objections to Plaintiffs' revised bill of costs [ECF 203]. The Court **AWARDS** Plaintiffs $4,693.31 in costs.

**SO ORDERED** this 31st day of October, 2024.

Steven D. Grimberg
United States District Judge

---

[9]  ECF 226, at 279:23–280:18.

[10] ECF 219.